**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0386n.06

No. 16-6372

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 30, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANGELA BLOUNT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED OF OMAHA LIFE INSURANCE | ) | COURT FOR THE MIDDLE |
| COMPANY, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

**BEFORE:** **GIBBONS, ROGERS, and DONALD, Circuit Judges.**

**ROGERS, Circuit Judge.** In this ERISA case, plaintiff Angela Blount challenges the denial of long-term disability benefits by defendant United of Omaha Life Insurance Company, which relied on plan language limiting such benefits where a disability is caused by drug or substance abuse. Blount contends that the plan language does not apply in the case of opioids taken pursuant to her doctor's prescription. The district court, however, properly determined that United of Omaha did not abuse its discretion in interpreting the plan language.

United of Omaha—the relevant plan administrator—began paying Blount long-term disability benefits on the basis of her treating rheumatologist's diagnosis of pain, fatigue, and cognitive problems associated with lupus and fibromyalgia. However, subsequent treating physicians and independent medical experts expressed doubt with the initial diagnosis and opinion, instead attributing Blount's disabling fatigue and cognitive problems to her "massive"

prescription opioid regimen for lupus and fibromyalgia. On the basis of these later medical opinions, United of Omaha determined that Blount was disabled due only to the effects of her opioid regimen—not lupus and fibromyalgia—and invoked a provision in her plan that limited benefits to 24 months when the disability was due to "substance abuse," i.e., "any condition or disease, regardless of its cause, listed in the most recent edition of the International Classification of Diseases as a mental disorder." Within 24 months, Blount had exhausted all her administrative remedies within United of Omaha's claims and appeals procedures and her benefits were terminated.

Blount then brought suit in the Middle District of Tennessee under the civil enforcement provision of the Employee Retirement Income Security Act (ERISA). *See* 29 U.S.C. § 1132. Both Blount and United of Omaha moved for judgment on the administrative record. The district court granted United of Omaha's motion but denied Blount's, reasoning that there was substantial evidence in the record to support United of Omaha's determination that Blount was disabled due to her opioid regimen, and that it was neither arbitrary nor capricious for United of Omaha to invoke the 24-month substance abuse limitation in Blount's plan once it determined that Blount's disability was due to her opioid regimen. *Blount v. United of Omaha Life Ins. Co.*, No. 3:15-CV-00876, 2016 WL 4191725 (M.D. Tenn. Aug. 8, 2016). Blount now appeals.

After carefully reviewing the record, the applicable law, and the parties' briefs, we conclude that the district court's opinion correctly sets out the facts and governing law. Because this court's issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we affirm on the basis of the well-reasoned opinion of the district court.